```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

GREGORIO HERNANDEZ-CASTILLO,

    Petitioner,

v.   Case No: 2:19-cv-225-FtM-29MRM

KEVIN K. MCALEENAN, in his official capacity as The Acting Secretary of the Department of Homeland Security, WILLIAM P. BARR, in his official capacity as the Attorney General of the U.S., MARC J. MOORE, in his official capacity as the Miami, FL Field Office Director of U.S. Immigration Customs and Enforcement, and RONALD D. VITIELLO, in his official capacity as Acting Director of U.S. Immigration and Customs and Enforcement,

    Respondents.

---

**OPINION AND ORDER**

Petitioner Gregorio Hernandez-Castillo, represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 with exhibits on April 10, 2019 (Doc. #1, Petition; Doc. #1-2, Exhibits). Respondents filed a Response to the Petition with exhibits on June 28, 2019 (Doc. #7, Response; Docs. #7-1 to #7-5, Exhibits), to which Petitioner filed a Reply on August 2, 2019 (Doc. #9).

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241 from an order of removal from the United States. Petitioner asserts that the Immigration Court had no subject matter jurisdiction to order his removal, and therefore the order is a nullity. Respondents assert that the issue of the Immigration Court's jurisdiction is not within the jurisdiction of a federal district court, only a federal appellate court. For the reasons set forth below, the Court dismisses the Petition for lack of subject matter jurisdiction.

## I. BACKGROUND

Petitioner is a Mexican national who resides in Collier County, Florida. (Doc. #1, p. 2). On April 7, 2015 the United States Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) for a removal hearing. (Doc. #1-2, p. 5). Petitioner was served with the NTA on April 10, 2015, signed it, and requested a prompt hearing. (Id., p. 6; Doc. #7-2). The section of NTA identifying the date, time, and location of the removal hearing provided "to be determined" and "to be set." (Doc. #7-2, p. 1). It is undisputed that the NTA did not state the date, time, or place of the removal hearing elsewhere in the document.

On September 9, 2015, Petitioner was served with a Notice of Hearing (NOH) which included the date, time and place of Petitioner's removal hearing. (Id.). (Doc. #7-3). Petitioner

appeared at his removal hearing, held on October 13, 2016. (Id.). On September 12, 2018, an immigration judge issued a final removal order. (Doc. #7-4). On December 18, 2018, the immigration court denied Petitioner's motion to reopen the immigration proceedings. (Doc. #7-5).

Although Petitioner is not held in a detention facility, he is subject to the final order of removal. (Doc. #1 at 2). The parties do not contest that Petitioner is "in custody," and the Court finds the custody requirement is met for purposes of § 2241 habeas relief. See Alvarez v. Holder, 454 F. App'x 769, 772 (11th Cir. 2011).

Petitioner contends that the immigration court did not obtain jurisdiction over him because the NTA failed to specify a date, time, or location for his removal hearing, and therefore the resulting order of removal is legally void. (Doc. #1, p. 2). Respondent submits that the immigration court's final order of removal is legitimate because the immigration court had jurisdiction, despite the defective NTA. (Doc. #7, pp. 3, 6). More importantly for present purposes, Respondent asserts that a federal district court does not have subject matter jurisdiction to review a final order of removal, which solely lies within the Eleventh Circuit Court of Appeals. (Doc. #7, p. 2).

**II. ANALYSIS**

Before the Court can rule on the merits of Hernandez-Castillo's § 2241 claim, the Court must inquire whether it has subject matter jurisdiction. See Resendiz-Alcaraz v. Ashcroft, 383 F.3d 1262, 1266 (11th Cir. 2004). The REAL ID Act of 2005 (RIDA), covers judicial review of final immigration orders of removal. 8 U.S.C. § 1252. The RIDA provides that the court of appeals holds the "sole and exclusive means for judicial review of an order of removal entered or issued" under the Act. 8 U.S.C. § 1252(a)(5). Consequently, "district courts lack habeas jurisdiction to entertain challenges to final orders of removal." Themeus v. U.S. Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016) (citing Madu v. U.S. Att'y Gen., 470 F.3d 1362, 1366 (11th Cir. 2006)).

The RIDA does not, however, completely bar district courts from hearing habeas petitions related to immigration proceedings. "[A] petitioner who contests the very existence of an order of removal does not seek 'review of an order of removal' within the meaning of the REAL ID Act." Madu, 470 F.3d at 1366 (citing Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006). Petitioner, relying on Madu[1] and Pereira v. Sessions, 138 S. Ct.

---

[1] The immigration judge in Madu issued an order for voluntary departure "in lieu of an order of deportation," which would automatically become an order of removal if the alien did not voluntarily depart. Id. at 1364. The alien claimed he left, came back, was rearrested, and the government detained him to deport him on the basis of the immigration judge's "order of deportation." Id. at 1364-65. The alien filed a § 2241 claim in district court, arguing that his voluntary departure prevented the immigration court from ever issuing an order

2105 (2018),[2] argues that no valid removal order exists because the defective NTA deprived the immigration court of jurisdiction. (Doc. #9, p. 3).  Without such a final order of removal, Petitioner asserts that a federal district court has subject matter jurisdiction because it is not reviewing an order of removal. (Id.).

Petitioner's assertion of jurisdiction in a district court is premised on the position that a defective NTA deprived the immigration court of subject matter jurisdiction, which in turn would deprive the Court of Appeals of jurisdiction.  "If [the Immigration Court] never had jurisdiction over his removal proceedings to begin with, the entire proceeding—including the final order of removal—would be invalid, and [the Eleventh Circuit] would have no jurisdiction to entertain his petition."  Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1153 (11th Cir. 2019).

---

of removal.  Id.   The government argued that the claim was essentially an attack on the merits of the removal order and barred by RIDA.  Id.  The Eleventh Circuit disagreed and remanded the petition back to the district court for an evidentiary hearing to determine whether Madu had complied with the voluntary departure order.  The court reasoned if the condition precedent occurred—the voluntary departure order did not convert to a final removal order—there was no final order to review, and thus the petition was outside the scope of RIDA's jurisdictional bar.  Id. at 1367.

[2] The Supreme Court in Pereira held that a NTA that failed to designate the specific time or place of a noncitizen's removal proceedings is not a "notice to appear under section 1229(a)" of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), and does not trigger the Act's stop-time rule ending the noncitizen's period of continuous presence in the United States, for purposes of the noncitizen's cancellation of removal eligibility.  Id. at 2110.

Congress gave the Attorney General authority to establish Immigration Court procedure. 8 U.S.C. § 1103(g)(2). Under this authority, "[j]urisdiction vests . . . when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14. An NTA is a "charging document." 8 C.F.R. § 1003.13. And, 8 U.S.C. § 1229(a)(1)(G)(i) requires that NTAs state "[t]he time and place at which the proceedings will be held."

Despite 8 C.F.R. § 1003.14's reference to "jurisdiction," most Circuits, including the Eleventh Circuit, hold that omission of the date, time, and location of the removal hearing from an NTA "does not deprive the immigration court of jurisdiction over removal proceedings." Meza v. U.S. Att'y Gen., 789 F. App'x 790, 794-95 (11th Cir. 2019) (collecting cases) (noting that "eight other Circuits have rejected the argument" that date, time, and location in NTAs are also necessary to confer jurisdiction). The Eleventh Circuit has also held that § 1003.14 does not convey subject matter jurisdiction, but is rather a "claim-processing rule." Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1155 (11th Cir. 2019). The Eleventh Circuit construes § 1003.14's charging document requirement as merely a procedural rule which "closely resembles 'Federal Rule of Civil Procedure 3, which provides that '[a] civil action is commenced by filing a complaint with the court.'" Id. (citing Schlesinger v. Councilman, 430 U.S. 738, 742 n.5 (1975)) (noting "that Rule 3 defects have no impact on a

court's subject matter jurisdiction"). Thus, Immigration Courts have broad jurisdiction to "conduct proceedings for deciding the inadmissibility or deportability of an alien," granted by 8 U.S.C. § 1229a(a)(1), which is unchecked by 8 C.F.R 1003.14, and not dependent on the NTA date, time, and location requirements of 8 U.S.C. § 1229(a)(1)(G)(i).  Id.  Recently, the Eleventh Circuit reaffirmed that a petitioner's arguments that an "I[mmigration] J[udge] did not have jurisdiction over [the alien's] removal proceeding because her NTA was defective are foreclosed by our precedent in Perez-Sanchez." Guanume v. U.S. Attorney Gen., 808 F. App'x 978, 979-980 (11th Cir. 2020).

The Court finds the defective NTA did not divest the immigration court of subject matter jurisdiction. Thus, because Petitioner is subject to a removal order issued by a court with subject matter jurisdiction, the RIDA divests a federal district of jurisdiction to hear the Petition challenging the removal order. Perez-Sanchez, 935 F.3d at 1155. The Court therefore dismisses Petitioner's petition for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1.   Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED for lack of subject matter jurisdiction**.

2. The Clerk of Court shall enter judgment, terminate any pending motions and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

FTMP-1
Copies:
Counsel of Record